1  **SUSAN K. HATMAKER 172543**
   **RACHELLE TAYLOR GOLEN 295385**
2  **HATMAKER LAW GROUP**
   A Professional Corporation
3  7522 N. Colonial Avenue, Suite 105
   Fresno, California 93711
4  Telephone:  (559) 374-0077
   Facsimile:   (559) 374-0078
5
   ATTORNEYS FOR Defendants:
6  SHERRY SISKIN SIDNEY and
   VILLAGE HEIGHTS, LLC.
7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10
                              * * *
11

12 | BRIAN WHITAKER,                              | NO. 2:19-cv-10680-JAK-JPR |
13 |     Plaintiff,                               | **DEFENDANTS, SHERRY SISKIN SIDNEY AND VILLAGE HEIGHTS, LLC'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)** |
14 | vs.                                          | |
15 | SHERRY SISKIN SIDNEY, in individual and representative capacity as trustee of The Survivor's Trust Created Under the Sidney Revocable Trust; VILLAGE HEIGHTS, LLC., a California Limited Liability Company; and DOES 1-10, | |
16 |                                              | Date: May 18, 2020 |
17 |                                              | Time: 9:00 a.m. |
18 |                                              | Courtroom: 850, 8th Floor |
19 |     Defendants.                              | Judge: Honorable R. Gary Klausner |

                                i
             MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................ 1

    A. THE PARTIES ...................................................................................... 1

III. THE COMPLAINT IS MOOT AND MUST BE DISMISSED............................................. 2

    A. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT (F.R.C.P. 12(B)(1)) ...................................................... 2

        1. THERE IS NO DISPUTE THAT THE SALES COUNTER MEETS THE ACCESSIBILITY REQUIREMENTS ................................................................. 4

        2. THERE IS NO DISPUTE THAT THE AISLE WITHIN THE FACILITY MEET THE ACCESSIBILITY REQUIREMENTS. ........................................................ 5

    B. DEFENDANTS MET AND CONFERRED WITH PLAINTIFF REGARDING THE MOOTNESS OF PLAINTIFF'S CLAIMS ...................................................... 6

    C. THE COURT SHOULD NOT RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS................................ 6

IV. SHOULD DEFENDANTS PREVAIL, THE PRESENT CIRCUMSTANCES ALLOW FOR RECOVERY OF THEIR ATTORNEYS' FEES AND COSTS. .................................. 8

V. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

2 U.S.C. § 12188(a)(2) ................................................................................................ 6

42 USC § 12205 ........................................................................................................... 8

*Bercovitch v. Baldwin* (1999) 191 F.3d 8, 11 ............................................................. 8

*Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) .......................................................................................................................... 7

*City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) ............................................................................................................ 7

*City of Chicago,* 522 U.S. at 173, 118 S. Ct. at 534, 139 L. Ed. 2d 525 ....................... 8

*Foster v. Carson* (9th Cir. 2003) 347 F.3d 742, 745 ................................................. 3

*Gen. Atomic Co. v. United Nuclear Corp.* (9th Cir. 1981) 655 F.2d 968, 968-69 ......... 2

*Grove v. De La Cruz.* (C.D. Cal. 2005) 407 F.Supp.2d 1126 ....................................... 3

*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo* (2d Cir. 1992) 981 F.2d 50, 58 ......... 3

*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375, 377 .................................. 2

*McCarthy v. United States* (9th Cir. 1988) 850 F.2d 558, 560 ................................... 3

*Moeller v. Taco Bell Corp* (N.D. Cal. 2011) 816 F.Supp.2d 831, 860 ......................... 3

*Moore v. Dollar Tree Stores, Inc.* (E.D. Cal. 2015) 85 F.Supp.3d 1176, 1187 ............ 3

*Pickern v. Best Western Timber Cove Lodge Marina Resort* (E.D. Cal. 2002) 194 F.Supp.2d 1128, 1133 .......................................................................................................................... 6

*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039 ......................... 2

*Savage v. Glendale Union High School* (9th Cir. 2003) 343 F.3d 1036, 1039 n.2 ......... 3

*St. Clair v. City of Chico* (9th Cir. 1989) 880 F.2d 199, 200-02 .................................. 3

*Thompson v. McCombe* (9th Cir. 1996) 99 F.3d 352, 353 ......................................... 2

*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.* (9th Cir.1979) 594 F.2d 730, 733 ........ 2

*Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.* (9th Cir. 2009) 572 F.3d 771, 775 ..................................................................................................... 2

*Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6

(S.D. Cal. Dec. 10, 2018) .................................................................................................. 7

*Whitaker v. Larchmont* case ............................................................................................. 8

**STATUTES**

California Code of Civil Procedure, section 425.55(b)(1) ............................................... 1

Cal. Civil Code § 55.56(g)(2) ........................................................................................... 1

Cal. Civ. Code § 55.52(a)(1) ............................................................................................ 7

Cal. Civ. Proc. Code § 425.50(a) ..................................................................................... 7

Cal. Civ. Proc. Code § 425.50(b)(1) ................................................................................ 7

Cal. Civil Code § 425.55(b)(1) ......................................................................................... 7

**RULES**

Federal Rule of Civil Procedure, Rule 12(b)(1) ............................................................... 1

## I.     INTRODUCTION

Plaintiff's **unverified** Complaint only alleges two barriers: 1) that the sales counter; and 2) that the aisles within the store, did not meet the accessibility requirements for persons who use wheelchairs. (Document 1, ¶¶ 12, 14, 25-28.) As of February 5, 2020, Defendants' have remediated the two alleged "construction-related" barriers so that they comply with the current accessibility requirements under both state and federal law. Therefore, it is undisputed that this Action is moot pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1).

## II.     FACTUAL BACKGROUND

### A. THE PARTIES

Defendant, Village Heights, LLC, operates a small boutique gift and jewelry store located at 122 ½ N. Larchmont Blvd., in Los Angeles, California. Defendant, Sherry Siskin Sidney, owns the building and Village Heights, LLC, rents the space within Ms. Sidney's building. (Collectively referred to herein as "Defendants.") Village Heights, LLC is owned by Louis Eafalla and has owned the store for the past 14 years. (Declaration of Louis Eafalla ("Eafalla Decl."), ¶ 1.) Village Heights qualifies as a "small business" under the Unruh Act. (Cal. Civil Code § 55.56(g)(2).) (Eafalla Decl. ¶ 1.)

Plaintiff, Brian Whitaker ("Plaintiff"), is a "high frequency litigant" pursuant to California Code of Civil Procedure, section 425.55(b)(1). Plaintiff has filed 714 Complaints within this District, in the year 2019 and has already filed 66 complaints this year. (Request for Judicial Notice, ¶ 1, Ex. A; Declaration of Rachelle T. Golden ("Golden Decl.") ¶¶ 2, Ex. A.) There is no question that Plaintiff is a high frequency litigant.

Plaintiff filed his Complaint against Defendants on December 18, 2019, for allegations that Defendants' property failed to comply with the Americans with Disabilities Act and the California Civil Rights Unruh Act. (Document 1.) Plaintiff alleges that Defendants failed to provide an accessible sale counter and failed to provide accessible paths of travel within the facility. (Document 1, at ¶¶ ¶¶ 12, 14, 25-28.) As of the date of the Parties initial meet and confer, the sales counter and the clear space between the interior aisle within the store met the applicable construction-related accessibility requirements both under the Americans with

Disabilities Act and the Unruh Act. (Eafalla Decl. ¶ 2-3, Ex. B; Declaration of Mike Wright ("Wright Decl."), ¶¶ 1-4, Ex. C.) Desiring to avoid the cost and expense of filing the instant Motion, settlement negotiations began. However, no reasonable settlement could be reached and Defendants were forced to file this Motion despite the Complaint being moot. (Golden Decl. ¶¶ 1-3, Ex. D.)

### III.   THE COMPLAINT IS MOOT AND MUST BE DISMISSED

#### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT (F.R.C.P. 12(B)(1))

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. (*Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.* (9th Cir. 2009) 572 F.3d 771, 775.) A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. (*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375, 377.) Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. (*Thompson v. McCombe* (9th Cir. 1996) 99 F.3d 352, 353.) A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. (*Gen. Atomic Co. v. United Nuclear Corp.* (9th Cir. 1981) 655 F.2d 968, 968-69.)

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." (*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.* (9th Cir.1979) 594 F.2d 730, 733.) "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." (*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039.) "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." (*Ibid.*)

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. (*Savage v. Glendale Union High School* (9th Cir. 2003) 343 F.3d 1036,

2
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1039 n.2; *McCarthy v. United States* (9th Cir. 1988) 850 F.2d 558, 560.) "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." (*Savage, supra*, 343 F.3d at 1039-40, n.2.) In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." (*Safe Air, supra*, 373 F.3d at 1039.) Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. (*St. Clair v. City of Chico* (9th Cir. 1989) 880 F.2d 199, 200-02.)

"The doctrine of mootness arises from the 'case or controversy' requirement contained in Article III of the United States Constitution." (*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo* (2d Cir. 1992) 981 F.2d 50, 58.)

> "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). Mootness is a jurisdictional issue, and federal courts have **no jurisdiction to hear a case that is moot**, that is, where no actual or live controversy exists. If there is no longer a possibility that an applicant can obtain relief for his claim, that claim is moot and **must be dismissed** for lack of jurisdiction." (*Foster v. Carson* (9th Cir. 2003) 347 F.3d 742, 745.) (Emphasis added.)

The central question in analyzing whether a case becomes moot, "is whether there can be any effective relief." (*Moeller v. Taco Bell Corp* (N.D. Cal. 2011) 816 F.Supp.2d 831, 860.) Under the "voluntary cessation" doctrine, "it becomes the defendant's burden to demonstrate that 'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (*Moore v. Dollar Tree Stores, Inc.* (E.D. Cal. 2015) 85 F.Supp.3d 1176, 1187.) (Citation omitted.) "A defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." (*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 645 F.3d 903, 905.) (Citation omitted.) "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer had subject matter jurisdiction over the ADA claims." (*Grove v. De La Cruz.* (C.D. Cal. 2005) 407 F.Supp.2d 1126, 1130-1131.)

///

### 1. There is No Dispute that the Sales Counter Meets the Accessibility Requirements

Plaintiff's Complaint alleges that on the date of his alleged visit, "the defendants failed to provide accessible sales counters in conformance with the ADA standards as it relates to wheelchair users like the Plaintiff." (Document 1, ¶ 12.) The applicable federal accessibility guidelines are the 2010 ADA Standards for Accessible Design ("ADAS"). (Wright Decl. ¶ 2-3, Ex. C, pp. 1-3.) The applicable state accessibility guidelines are the 2016 California Building Code ("CBC"), Chapter 11B. (Wright Decl. ¶ 2-3, Ex. C, pp. 4-6.) The 2010 ADAS, section 904.4.1 mandates that sales counters shall be a minimum of 36-inches wide, and a maximum of 36-inches in height. (Wright Decl. ¶ 2-3, Ex. C, p. 3.) The 2016 CBC, is more stringent than the 2010 ADAS, and requires that the sales counter shall be 36-inches wide, but <u>34</u>-inches in height, maximum. (Wright Decl. ¶ 2-4, Ex. C, p. 6.)

 

As depicted above, Defendants sales counter met the applicable state standards, rendering it in compliance with the federal 2010 ADAS as well. (Wright Decl. ¶ 2-3, Ex. C, pp. 3, 6; Eafalla Decl. ¶ 2-3, Ex. B.) Therefore, this allegation in Plaintiff's Complaint is moot, eliminating this Court's subject matter jurisdiction over this claim.

///

///

///

///

**2. There is No Dispute that the Aisle Within the Facility Meet the Accessibility Requirements.**

Plaintiff's second and final construction-related barrier allegation is that "Defendants failed to provide accessible paths of travel inside the store in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." (Document 1, ¶ 14.) The 2010 ADAS requires that the clear width for aisles shall be 36-inches minimum. (Wright Decl. ¶ 2-3, Ex. C, p. 2.) The 2016 CBC requires that for aisles serving both sides of the aisle, the clear width shall be 44-inches minimum. (Wright Decl. ¶ 2-3, Ex. C, p. 5.)

As depicted above, Defendants' aisles serve both sides and the clear space exceeds 44-inches. (Eafalla Decl. ¶ 2-3, Ex. B.) By having the clear space more than 44-inches, it far surpasses the requirements pursuant to the 2010 ADAS. Therefore, the second and final construction-related barrier allegation in Plaintiff's Complaint is moot, eliminating this Court's subject matter jurisdiction over this Complaint, in its entirety.

///

### B. DEFENDANTS MET AND CONFERRED WITH PLAINTIFF REGARDING THE MOOTNESS OF PLAINTIFF'S CLAIMS

On January 17, 2020, the Parties met and conferred telephonically, and Plaintiff provided his initial settlement demand. (Golden Decl. ¶ 3.) On January 23, 2020, Defendants not wanting to incur the cost and expense of preparing this Motion, sent remediation photographs to Plaintiff and again telephonically met and conferred regarding a reasonable settlement. (Golden Decl. ¶ 3, Ex. D, pp. 1-9; Eafalla Decl. ¶ 2, Ex. B.)

On January 24, 2010, Defendants responded to Plaintiff's demand and pointed out that at a minimum a $2,000 reduction should occur in the demand as all allegations had been remediated. (Golden Decl. ¶ 3, Ex. D, p. 10.) This electronic conversation occurred less than 30-days after Ms. Sidney was served, who was served before Village Heights, LLC. (Request for Judicial Notice, ¶ 2, Ex. E, pp. 1, 4.) When it became apparent that Plaintiff would not dismiss the Complaint and continued to demand an unreasonable settlement, this Motion became necessary. (Golden Decl. ¶ 3, Ex. D, p. 13.)

Defendants contend that Plaintiffs' demand for a monetary settlement is unreasonable as the first cause of action arising under the Americans with Disabilities Act – the federal cause of action, is moot. The only available relief is for injunctive relief and there is no longer any viable relief available to maintain the Action against Defendants. (42 U.S.C. § 12188(a)(2).) Plaintiff's Complaint should be dismissed with prejudice, in its entirety.

### C. THE COURT SHOULD NOT RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.

As Plaintiff's federal claims are moot, the only question left for this Court to resolve is Plaintiff's claim under the California Unruh Civil Rights Act. Recognizing that there is a difference between relief available under an ADA claim and a California Unruh Act claim, *Pickern v. Best Western Timber Cove Lodge Marina Resort* (E.D. Cal. 2002) 194 F.Supp.2d 1128, 1133, held that absent a "showing of extraordinary or unusual circumstance" the court should decline exercising its discretionary supplemental jurisdiction. Further,

> "The supplemental jurisdiction statute 'reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and <u>at every state of the litigation</u>, the values of judicial economy,

convenience, fairness and comity.'' *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988))." (Request for Judicial Notice, ¶ 3, Ex. F.)

Here, there is no valid reason that the Court should retain supplemental jurisdiction.

"'In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. *See* Cal. Civ. Proc. Code § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. *Id*." (Request for Judicial Notice, ¶ 4, Ex. G, p. 2.)

Furthermore, a "high-frequency litigant" is defined as, "A plaintiff who has filed 10 or more complaints alleged a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." (Cal. Civil Code § 425.55(b)(1).) Clearly, the instant Plaintiff is a high-frequency litigation. (Request for Judicial Notice, ¶ 1, Ex. A.) California law has heightened pleading requirements for complaints filed by high-frequency litigants. High-frequency litigants "must allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A)." (Request for Judicial Notice, ¶ 4, Ex. G, p. 3.) Plaintiff failed to adhere to California law when bringing his state law cause of action.

"District courts may decline to exercise jurisdiction over supplemental state law claims

'[d]epending on a host of factors' including 'the circumstances of the particular case, that nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. *City of Chicago,* 522 U.S. at 173, 118 S. Ct. at 534, 139 L. Ed. 2d 525." (Request for Judicial Notice, ¶ 4, Ex. G, p. 4.)

Just as the Court declined to exercise supplement jurisdiction in the *Whitaker v. Larchmont* case, because Plaintiff has evaded state law procedure, in direct contradiction to the Legislative efforts to curtail these predatory lawsuits that harm businesses, "and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements," this case certainly falls under subdivision (c)(4) of 28 USC section 1367. This case, just like all the other 714 complaints filed within this District, presents an "exceptional circumstance" and therefore there is a "compelling reason" for the Court to decline supplemental jurisdiction over Plaintiff's state law claims. (Request for Judicial Notice, ¶ 4, Ex. G, p. 4-5; Golden Decl. ¶ 2, Ex. D.)

## IV. SHOULD DEFENDANTS PREVAIL, THE PRESENT CIRCUMSTANCES ALLOW FOR RECOVERY OF THEIR ATTORNEYS' FEES AND COSTS.

According to 42 USC § 12205, in any action commenced under the Title 42, the Americans with Disabilities Act, the Court in its discretion may allow the prevailing party their attorneys' fees and costs. While it is acknowledged that recovery of a prevailing defendant's attorneys' fees and costs is the exception, the Court should grant defendants' recovery when plaintiff's "suit was totally unfounded, frivolous, or otherwise unreasonable or that plaintiff continued the litigation after it clearly became so." (*Bercovitch v. Baldwin* (1999) 191 F.3d 8, 11.)

Here, Plaintiff has been made aware that the Property was in compliance with the 2010 ADAS and the 2016 CBC, rendering his claims moot. This information was provided to Plaintiff before the filing of this Motion, and yet the Complaint has not been dismissed, nor has this case been able to be reasonably settled. (Golden Decl. ¶ 3, Ex. D.)

Plaintiff, having filed approximately 714 lawsuits in this District, is an experienced litigant and know that once his claims become moot, there is no longer an effective form of

relief to be granted. Plaintiff should know that in order for his case to proceed, there must be a live case and controversy warranting relief, so that this Court could retain subject matter jurisdiction. Plaintiff's utter failure to dismiss this lawsuit knowing all potential claims are moot, render the continuation of his Complaint frivolous and wholly unreasonable. Despite this knowledge, Defendants have been forced to continue to spend considerable time, money and effort defending Plaintiff's Complaint. Should Defendants' prevail, they respectfully request that the Court exercise its discretion and award their attorneys' fees and costs.

### V. CONCLUSION

The Motion to Dismiss must be granted as the Property had complies with the federal and state construction-related design standards, to the strictest accessibility standards – the 2016 California Building Code. Plaintiff has refused to dismiss this Action and refuses to reasonably settle his claims which required Defendants to bring this Motion, even though Plaintiff knows his claims are moot. As this maintenance of this Action is frivolous and unreasonable, should Defendants' prevail, they beg upon the Court's discretion to award their attorneys' fees and costs. Furthermore, as Plaintiff has forum shopped to evade the strict pleading requirements of California state law, the Court should decline to exercise supplemental jurisdiction over his state law claim, and should dismiss it with prejudice. All meaningful relief – injunctive relief – which is available under both the Americans with Disabilities Act and the Unruh Act, has already been obtained.

DATED: February 24, 2020　　　　　　　　　HATMAKER LAW GROUP

By: /s/ Rachelle Taylor Golden
　　RACHELLE TAYLOR GOLDEN
　　Attorney for Defendants,
　　SHERRY SISKIN SIDNEY and
　　VILLAGE HEIGHTS, LLC.

# PROOF OF SERVICE

I am employed in the County of Fresno, California; I am over the age of eighteen years and not a party to the within cause; my business address is: 7522 N. Colonial Avenue, Fresno, CA 93711.

On February 24, 2020, I served the foregoing document(s) described as:

**DEFENDANTS, SHERRY SISKIN SIDNEY AND VILLAGE HEIGHTS, LLC'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Center for Disability Access
Ray Ballister Jr., Esq.
Phyl Grace, Esq.
Russell Handy, Esq.
Dennis Price, Esq.
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Telephone: (858) 375-7385
Fax: (888) 422-5191

____ (By U.S. Mail) I caused each envelope, with postage fully prepaid, to be placed in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in the City of Fresno, California after the close of the day's business.

____ (By Facsimile) I caused this document to be delivered via facsimile to the numbers set forth below.

_X_ (By Electronic Service) - I caused a true and correct copy of the document(s) described above to be uploaded to the Court approved case management system, and served electronically to all parties listed above.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed on February 24, 2020, at Fresno, California.

By: /s/ Tiffany Holmberg
TIFFANY HOLMBERG

_____
PROOF OF SERVICE